**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-cr-30077-MJR |
| ) | |
| RODNEY DARRELL BROCK, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On November 6, 2001, judgment was entered against Defendant Rodney Darrell Brock sentencing him to 120 months imprisonment (Doc. 33). Now before the Court is Defendant Brock's "Motion for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure 60(b)" (Doc. 40) and memorandum in support (Doc. 41). Defendant Brock argues in his motion that his sentence is unconstitutional in light of the United States Supreme Court's decision in ***United States v. Booker*, 125 S.Ct. 738 (2005)**, and as a result, his sentence should be vacated.

While Defendant Brock did not file this motion pursuant to **28 U.S.C. § 2255**, Defendant Brock is seeking relief that he can obtain only through Section 2255. Paragraph One of Section 2255 reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or

1

correct the sentence.

Defendant Brock's motion fits within that coverage. Therefore, the Court must construe his submission as a Section 2255 motion. ***Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)("Any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255 Paragraph One, *is* a motion under Section 2255, no matter what title the prisoner plasters on the cover. ").**

However, before the Court construes this motion as a Section 2255 motion, the Court will give Defendant Brock an opportunity to withdraw the motion or resubmit a motion labeled properly as a motion for vacation of sentence pursuant to Section 2255. *See Castro v. United States*, **540 U.S. 375 (2003);** *Henderson v. United States*, **264 F.3d 709 (7th Cir. 2001).** If Defendant Brock chooses not to withdraw the motion, the Court will construe it as a motion brought pursuant to Section 2255. Defendant Brock should be aware that in that instance, he will not have another chance to file a Section 2255 motion without the advance permission of the United States Court of Appeals for the Seventh Circuit. *See* **28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...").** Therefore, the Court cautions Defendant Brock that if he believes he has additional grounds to assert, he should withdraw his motion and amend it to include every Section 2255 claim he believes he has.

If Defendant Brock chooses to pursue the motion presently filed, he should keep in mind the time limits that apply to the filing of motions for Section 2255 relief. In particular, Defendant Brock should take particular notice that Section 2255 sets out four events that trigger the one-year limitations period for the filing of post-conviction motions: (1) the date on which the

judgment of conviction becomes final; (2) the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States); (3) the date on which the facts supporting the claims could have been discovered through the exercise of due diligence; or (4) the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Defendant Brock's judgment of conviction became final about three years ago. The motion before the Court was not filed until March 1, 2005. Therefore, it is not timely under subsection (1), nor subsection (2) or (3), as Defendant Brock does not assert in the present motion the existence of any impediment to filing his motion or suggest that new facts have surfaced. Instead, Defendant Brock would have to argue that his motion falls within a year of January 12, 2005, when the Supreme Court held in *Booker*, that the Constitution does not permit the use of mandatory sentencing guidelines in federal court to the extent that their application depends on facts that a jury has not determined. **125 S.Ct. 738.** However, if Defendant Brock were to make this argument, it would fail. The Supreme Court's decision does not affect the validity of his sentence. In *McReynolds v. United States*, **397 F.3d 479 (7th Cir. 2005)**, the Seventh Circuit held that the rights recognized in *Booker* do not apply retroactively to cases on collateral review. Therefore, if Defendant Brock were to advise the court that he wishes for his submission to be treated as a Section 2255 motion on the grounds asserted therein, the Court will deny it as untimely.

Accordingly, the Court **DIRECTS** Defendant Brock to file a brief memorandum with the Court on or before **Friday, May 6, 2005** simply stating whether he wishes to withdraw his

3

"Motion for Relief from Judgement or Order Pursuant to Federal Rules of Civil Procedure 60(b)" (Doc. 40) or whether he wishes to have the Court construe the motion as a motion pursuant to **28 U.S.C. § 2255**. If Defendant Brock does not respond to this Order by May 6, 2005, the Court will proceed to construe his submission as a motion brought pursuant to Section 2255 and it will be denied as untimely.

       **IT IS SO ORDERED.**

       **DATES this   13th   day of April, 2005.**

                                                  **s/Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**