IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY DARRELL BROCK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 05-cv-0334-MJR |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On November 6, 2001, judgment was entered against Defendant Rodney Darrell Brock sentencing him to 120 months imprisonment (Case No. 01-cr-30077, Doc. 33). Brock appealed, and the Seventh Circuit affirmed his conviction on January 15, 2003 in *United States v. Brock*, **58 Fed.Appx. 642 (7th Cir. 2003)**. The Court can find no indication that Brock filed a petition for certiorari with the Supreme Court of the United States.

On March 1, 2005, Brock submitted a "Motion for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure 60(b)" (Case No. 01-cr-30077, Doc. 40). While Brock did not file this motion pursuant to **28 U.S.C. § 2255**, Brock sought relief that he could obtain only through § 2255. Paragraph One of § 2255 reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Because Brock's motion fits within that coverage, the Court entered an Order on April 13, 2005 wherein the Court gave Brock an opportunity to either withdraw the motion or else resubmit a motion labeled

properly as a motion to vacate sentence pursuant to § 2255 (Case No. 01-cr-30077, Doc. 44).[1] On May 5, 2005, Brock filed a memorandum with the Court (Case No. 01-cr-30077, Doc. 45) stating that he did not wish to withdraw his motion. Accordingly, the Court construed Brock's submission as a § 2255 motion (Case No. 01-cr-30077, Doc. 46), and the current civil case was created. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255 Paragraph One, *is* a motion under Section 2255, no matter what title the prisoner plasters on the cover.").

Now before the Court is Brock's § 2255 motion (Doc. 1). Brock argues in his motion that his sentence should be vacated because it is unconstitutional in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Constitution does not permit the use of mandatory sentencing guidelines in federal court to the extent that their application depends on facts that a jury has not determined.

Section 2255 sets out four events that trigger the one-year limitations period for the filing of post-conviction motions: (1) the date on which the judgment of conviction becomes final, (2) the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States), (3) the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) the date on which the facts supporting the claims could have been discovered through the exercise of due diligence.

---

[1] In the Court's Order, Brock was informed that if he chose not to withdraw the motion, he would not have another chance to file a § 2255 motion without the advance permission of the United States Court of Appeals for the Seventh Circuit. *See* **28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").** Brock was also informed about the time limits that apply to the filing of motions for § 2255 relief and the probable consequences of those time limits with respect to this particular motion.

As to subsection (1), finality attaches for § 2255 purposes "when the Supreme Court affirms on the merits of direct review or denies certiorari, or the time for filing a certiorari petition expires." *Robinson v. United States*, **415 F.3d 645 (7th Cir. 2005). 28 U.S.C. § 2101(c)** requires that a petition for a writ of certiorari be filed within 90 days after the entry of judgment, unless a Justice of the Supreme Court grants an extension for good cause. Here, Brock's deadline for filing a petition for a writ of certiorari expired on April 15, 2003. Thus, Brock's conviction became final on April 15, 2004, one year after Brock's deadline for filing a petition for a writ of certiorari expired. Because the § 2255 motion currently before the Court was not filed until March 1, 2005, it is not timely under subsection (1).

Neither is Brock's motion timely under subsections (2) or (4), as Brock does not assert in the present motion the existence of any impediment to filing his motion or suggest that new facts have surfaced.

In order for Brock's motion to be timely under subsection (3), *Booker* would have to be retroactively applicable to cases on collateral review. However, in *McReynolds v. United States*, **397 F.3d 479 (7th Cir. 2005)**, the Seventh Circuit held that the rights recognized in *Booker* do not apply retroactively to cases on collateral review. Thus, Brock's motion is not timely under subsection (3) of § 2255.

Accordingly, the Court **DENIES** Brock's motion (Doc. 1) as untimely.

**IT IS SO ORDERED.**

**DATED this 30th day of October 2007.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**